11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Ralph
N. Worley

Appellant

Vs.                   No. 11-04-00200-CV -- Appeal from Ector County

Mary E.
Worley

Appellee

 

On January 14, 2004, the trial court signed an
agreed order confirming child support arrearage.  The trial court rendered judgment against
Ralph N. Worley in the amount of $14,750 and ordered that he pay the child
support judgment by paying $200 a month beginning in February of 2004.

On August 11, 2004, Ralph Worley filed with the
clerk of the trial court a pro se document entitled AAppellant=s Opening Brief.@    In his jurisdictional statement, Ralph
Worley states that he Aappeals
from final judgment rendered in a dissolution of marriage proceeding in Ector
County.@  Ralph Worley proceeds to challenge the
division of property and the child support award in the 1979 divorce
decree.  Ralph Worley also argues that
the 1979 decree was incomplete, that he was denied not only due process but
also the benefit of counsel in the 1979 proceedings, that Mary E. Worley
perpetrated fraud upon the court during the 1979 proceedings, that the 1979
trial was irregular, and that the trial court abused its discretion by awarding
Mary Worley attorney=s
fees in the 1979 decree.  Ralph Worley
also states that the present trial judge has a judicial bias against
males.  Ralph Worley concludes his brief
by stating:  AThis
whole divorce was wrong beyond belief.@  Ralph Worley has informed this court that he
is in no way challenging the validity of the trial court=s
January 2004 order.








This court has no jurisdiction to entertain Ralph
Worley=s
complaints directed to the 1979 divorce decree, the January 2004 order, or any
other action of the trial court at this time. 
Direct appeals have not been perfected as required by law as to the 1979
decree and the January 2004 order. 
TEX.R.APP.P. 26.1; former TEX.R.CIV.P 363;[1]
Verburgt v. Dorner, 959 S.W.2d 615 (Tex.1997).  Ralph Worley has not filed any documentation
that could be interpreted as a collateral attack on these two actions of the
trial court and has failed to bring any other appealable decision of the trial
court to this court=s
attention as required by the Texas Rules of Appellate Procedure.  Texas law does not authorize the challenge of
a divorce decree by direct appeal more than 24 years after it was entered.

The appeal is dismissed for want of jurisdiction.

 

PER CURIAM

 

October 21, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]The law in effect at the time of the divorce.